# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA LIN GATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 16-00049 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

## I.
## BACKGROUND

Plaintiff Myra Lin Gates filed her application for disability benefits under Title II of the Social Security Act on August 29, 2011 alleging a disability beginning May 15, 2000. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on August 21, 2012. In a written decision dated January 17, 2013, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act from May 15, 2000 through the date of last insured. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated March 18, 2014. Plaintiff filed a

Complaint herein on January 8, 2016, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's case management order, Plaintiff filed a memorandum in support of the complaint on September 6, 2016 ("Pl. Mem.") and the Commissioner filed a memorandum in support of her answer on March 8, 2017 ("Def. Mem."). Plaintiff did not file a Reply. Thus, this matter now is ready for decision.[1]

## II.
## DISPUTED ISSUE

As reflected in the parties' memoranda, the sole disputed issue that Plaintiff has raised is whether the ALJ erred in failing to include the mild mental limitation that he found Plaintiff to suffer from in his hypothetical to the vocational expert (VE).

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a

---

[1] As the Court advised the parties in its case management order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings.

reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV.
## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform

past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.
## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act on December 31, 2005 and had not engaged in substantial gainful activity from the alleged onset date of May 15, 2000 through the date last insured. (AR 22.) At step two, the ALJ found that Plaintiff had the following severe impairments: chronic pain syndrome secondary to status-post 1988 crush injury to left femur; and deep vein thrombosis. (AR 22-24.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24.) At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform the full range of sedentary work. (AR 24-30.) Finally, at step five, the ALJ found that through the date last insured, Plaintiff was capable of performing past relevant work as a budget analyst. (AR 30-31.) Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from May 15, 2000, the alleged onset date, through December 31, 2005, the date last insured. (AR 31.)

///
///
///

# VI.

# DISCUSSION

In assessing Plaintiff's impairments, the ALJ made the following finding: "[Plaintiff's] medically determinable mental impairment of anxiety disorder did not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and was therefore nonsevere." (AR 23.) The ALJ specifically considered Plaintiff's social functioning and concluded, "[i]n this area, [Plaintiff] had mild limitation." (AR 23.) The ALJ further referred to the opinion of treating physician Dr. Thomsen, who "opined that [Plaintiff's] anxiety was 'definitely more situational related.'" (AR 23, citing AR 933). In the RFC (and the hypothetical to the VE), however, the ALJ did not include any mental limitation. (AR 24, 57.) Relying on *Hutton v. Astrue*, 491 Fed. Appx. 850 (9th Cir. 2012) and 20 C.F.R. § 404.1545(e), Plaintiff contends that the ALJ erred — as a matter of law — by not including the mild mental impairment in the RFC and the hypothetical presented to the VE. (Pl. Br. at 5.) Plaintiff further contends that even mild impairment in Plaintiff's ability to deal with social situations could have a negative impact on her ability to perform her prior relevant work as budget analyst. (*Id*. at 6.)

In assessing this issue, the Court finds persuasive the Ninth Circuit's unpublished decision in *Hutton*. There, at step two, the ALJ found that the claimant Hutton suffered from non-severe PTSD. In determining the RFC, the ALJ "excluded Hutton's PTSD from consideration" because the ALJ found that Hutton was not credible. 491 Fed. Appx. at 850. Relying on 20 C.F.R. § 404.1545(e), the Ninth Circuit found this exclusion to be legal error: "while the ALJ was free to reject Hutton's testimony as not credible, there was no reason for the ALJ to disregard his own finding that Hutton's nonsevere PTSD caused some 'mild' limitations in the areas of concentration, persistence or pace." *Id*. at 851.

The ALJ here followed a similar course to error. After finding that Plaintiff had a nonsevere mental impairment regarding social functioning, the ALJ discussed

5

this impairment — only in connection with his adverse credibility finding. (AR 26.) In that regard, the ALJ reviewed what Plaintiff had told treating providers concerning her anxiety and compared those statements to the claim of a disabling impairment. The ALJ found that Plaintiff's testimony about her limitations was not credible because it was inconsistent with, *inter alia*, her unguarded statements to treating providers. (AR 27.) As in *Hutton*, however, when the ALJ went on to assess the medical evidence of record in order to determine the RFC, he did not consider Plaintiff's nonsevere limitation in social functioning. As the Ninth Circuit's held in *Hutton*, this was legal error. The ALJ could reject Plaintiff's testimony as not credible, but did that not permit him to disregard his own finding that Plaintiff's anxiety disorder caused a mild impairment in social functioning.

The district court cases cited by Plaintiff are consistent with this result. For example, in *Kramer v. Astrue*, 2013 WL 256790 at *2-3 (C.D. Cal. Jan. 22, 3013), the court found reversible error in the ALJ's failure to include mild mental limitations in the assessment of the RFC. *See also Smith v. Colvin*, 2015 WL 9023486 at *8-9 (N.D. Cal. Dec. 16, 2015); *Reddick v. Colvin*, 2016 WL 3854580 at *4 (S.D. Cal. July 15, 2016). Another recent decision, *Medlock v. Colvin*, 2016 WL 6137399 at *5 (C.D. Cal. Oct. 20, 2016), focuses on the language in 20 C.F.R. § 404.1545(e) that requires ALJs to "consider" the limiting effects of all impairments in determining the RFC. According to *Medlock*, the "consideration" requirement is met if the ALJ "actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment. . . ." *Id*. It is not sufficient, however, for the ALJ to merely "rely on boilerplate language. . . ." *Id*.

Here, the ALJ's decision does not reflect an actual consideration and reasoned determination as to why the mild social functioning limitation was not included in the RFC. The Commissioner concedes that the decision does not show that the ALJ clearly and explicitly considered Plaintiff's mild mental disorder as

part of the RFC determination, but asks the Court to "infer" that the ALJ did so. (*See* Def. Mem. at 5.) The Court declines this invitation because the suggested approach of finding the required consideration by "inference" is inconsistent with *Hutton*, the subsequent district court decisions, and the regulation, and it would encourage use of boilerplate language as opposed to actual assessment of all impairments in arriving at an RFC.[1]

The Commissioner also cites *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007), but that case discussed a different issue: whether satisfaction of the step two threshold of severity is dispositive of the step five question whether the claimant can perform work in the economy. 499 F.3d at 1076. It does not address whether an ALJ must consider mild mental limitations in the RFC assessment. *See Kramer*, 2013 WL 256790 at *3. And the three district court cases cited by the Commissioner at pages 3 and 4 of its brief primarily found that the failure to include mild mental limitations in the hypothetical to the VE to be harmless under the facts of those cases.[2]

Here, on the other hand, the error was not "'inconsequential to the ultimate nondisability determination,'" and was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). On the present record, it cannot be determined what would have happened had the ALJ considered Plaintiff's mild social functioning limitation when assessing the RFC or how the VE would have testified had that limitation been include in the hypothetical question. *See Allen v. Sullivan*, 880 F.2d 1200, 1200-01 (11th Cir. 1989). In addition, the failure by the ALJ to

---

[1] The ALJ's decision appears to include such boilerplate language at AR 24, but the Commissioner does not contend this satisfied the obligation to consider all limitations (including mild mental limitations), and the Court finds that it does not because it does not reflect actual review and analysis and does not specify reasons for not including the non-severe impairment.

[2] *McDowell v. Colvin*, 2013 WL 5951947 (C.D. Cal. Nov. 6, 2013); *Hall v. Astrue*, 2010 WL 1531209 (C.D. Cal. Apr. 15, 2010); *Edior v. Astrue*, 2010 WL 797175 (C.D. Cal. Mar. 5, 2010).

7

consider Plaintiff's mild mental restriction in assessing the RFC and in questioning the VE prevents a meaningful review of the path taken by the agency in reaching its decision. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

## VII.
## DECISION TO REMAND

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Before a case may be remanded for an immediate award of benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Brown-Hunter*, 806 F.3d at 495. If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings. *See Treichler*, 775 F.3d at 1105. In the present case, further proceedings would be useful to resolve conflicts, gaps, and ambiguities in the record and the ALJ's decision. *Id.* at 1103-04 (in evaluating whether further administrative proceedings would be useful, the reviewing court should consider "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules"); *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014).[3]

---

[3] It is not the Court's intention to limit the scope of the remand.

8

\* \* \* \*

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: May 16, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE